# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| Michael S. Marinko | ) | Case No. 16 B 27763 |
| | ) | |
|             Debtor | ) | Hon. Janet S. Baer |
| Ahmed Elgamal, | ) | |
| | ) | |
|             Adversary Plaintiff | ) | Adversary No. |
|             -vs- | ) | |
| | ) | |
| Michael S. Marinko | ) | |
| | ) | |
|             Adversary Defendant | ) | |

**ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF A DEBT UNDER 11 USC §§523(a)(2)(A) and (a)(6) and OBJECTING TO DISCHARGE UNDER 11 USC §727(a)(3), (a)(4) and (a)(5).**

**NOW COMES** your Adversary Plaintiff, Ahmed Elgamal ("Elgamal) by and through his attorney Paul M. Bach of Bach Law Offices, Inc., and in and for its Adversary Complaint to Determine Nondischargeability of a Debt under 11 USC §523(a)(2)(A) and (a)(6) of the Bankruptcy Code and Objecting to the Debtors' Discharge under 11 USC §727(a)(3), (a)(4) and (a)(5) of the Bankruptcy Code, and hereby states as follows:

### INTRODUCTION AND PLAINTIFF'S SUMMARY OF THE CASE

AHMED ELGAMAL brings this action to obtain a determination of non-dischargeability of the Judgment obtained by AHMED ELGAMAL against Rehabilitation Specialists of Chicago, LLC., the Debtor's wholly- owned company and the Debtor/Defendant individually, in the amount of $623,320.90, which the Debtor scheduled as a "Judgment" that was "not subject to offset" and was not "contingent", "unliquidated" but was "disputed." AHMED ELGAMAL seeks judgment under Bankruptcy Code §523(a)(2)(A) since services were provided to the

1

Debtors based upon false statements and/or the actual fraud of the Debtor. In addition or in the alternative, AHMED ELGAMAL seeks a judgment of nondischargeability under Bankruptcy Code §523(a)(6) based upon the willful and malicious acts of the Debtor.

In addition, AHMED ELGAMAL objects to the discharge of the Debtors under Bankruptcy Code §§727(a)(3), (a)(4) and (a)(5).The Debtor: (i) failed to maintain and preserve material business records; (ii) made false statements under oath regarding their property; and, (iii) have not produced all material financial records relating to his extensive business operations.

## JURISDICTION AND VENUE

1. On October 21, 2019, Michael S. Marinko ("Marinko") filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case"), and in connection with that case, filed various schedules and statement of financial affairs.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. Venue of the above-captioned case (the "Case") and of this matter is proper in this Judicial District pursuant to 28 U.S.C. §§1408 and 1409.

4. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) & (J).

## PARTIES

5. The Debtor/Adversary Defendant is an individual residing in Hinsdale, Illinois and is at all times was the sole owner of all membership and managing member of Rehabilitation

Specialists of Chicago, LLC. ("RSC"). RSC, is an Illinois limited liability company which provides rehabilitation medical services.

6. The Adversary Plaintiff Ahmed Elgamal ("Elgamal"), is and at all relevant times was an individual residing in Chicago, Illinois and was a physician licensed to practice medicine in the state of Illinois.

**ALLEGATIONS COMMON TO ALL COUNTS AND INCORPORATED BY REFERENCE.**

7. On or about October 31, 2009, Dr. Elgamal entered into an employment agreement with RSC (the "Employment Agreement"), a true and accurate copy of which is attached hereto as Exhibit A. Pursuant to the Employment Agreement, Dr. Elgamal would provide professional medical services and administrative services on behalf of RSC and, in consideration for these services, Ahmed Elgamal would receive compensation.

8. On or about August 11, 2010, Ahmed Elgamal and RSC executed an Addendum to Employment Agreement ("Addendum"), a true and accurate copy of which is attached hereto as Exhibit B.

9. On August 9, 2016, Ahmed Elgamal filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois against RSC and Michael Marinko ("Complaint"), a true and accurate copy of which is attached hereto as Exhibit C.

10. On October 16, 2019, the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, clarified its prior order for Summary Judgment in favor of Ahmed Elgamal and against RCS and Michael Markinko and entered a final judgment infavor of Ahmed Elgamal and gainst ROCS and Michael Markinko in the amount of the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, a true and accurate copy of the Court Order is attached hereto as Exhibit D.

11. As a result of the Judgment Order, Ahmed Elgamal is a creditor of the Debtor by virtue of the judgment in his favor and against RSC and Michael Marinko entered October 16, 2019 in the amount of $623,320.90 (the "Judgment') in the case more commonly known as Ahmed Elgamal v. RSC and Michael S. Marinko, Case No. 16 CH 1220, pending in the Circuit Court of the Eighteenth Judicial Circuit (the "Ahmed Elgamal Judgment").

12. In his Bankruptcy Schedules filed with the Bankruptcy Petition on October 21, 2019, the Debtor listed the debt owed to Ahmed Elgamal in the amount of $623,320.90. The Debtor scheduled the debt as "not subject to offset" and did not list the debt as "contingent", "unliquidated" but did list as "disputed." (See bankruptcy docket entry No 1).

13. At all relevant times, the Debtor also conducted business through his wholly-owned company RCS.

14. At all relevant times RCS and its bank accounts were controlled by the Debtor, who had signature authority on the RCS account.

15. At all relevant times, the assets and property of RCS are and were assets and property of the Debtor.

16. The Debtor failed to maintain the separate corporate existence of RCS including, but without limitation, records showing the incorporation of RCS, its by-laws, issuance of shares; minutes of board meetings; minutes of shareholder meetings, or any other documents suggesting that its existence is separate from the Debtor.

17. In fact, the Debtor made the following transactions from RCS which demonstrate the RCS is a sham and simply the alter ego of the Debtor:

| Date | Payee | Amount |
|---|---|---|
| 03/01/2018 | Chicago Bears | $5,992.00 |
| 04/20/2018 | Wire Transfer to David Kaminski | $40,000.00 |
| 06/08/2018 | Action Marina | $3,581.73 |
| 05/29/2018 | Sunrise Property Management | $667.79 |
| 07/11/2018 | Everbank Mortgage | $6,012.00 |
| 08/23/2018 | Penn State University Tuition | $4,865.00 |
| 08/06/2018 | Sunrise Property Management | $1,335.58 |
| 08/10/2018 | Omega Phi | $7,720.00 |
| 08/14/2018 | TIAA Bank (mortgage) | $6,012.00 |
| 08/24/2018 | Toyota of Naperville | $42,376.00 |
| 08/31/2018 | Shoreline Boat Center | $1,654.00 |
| 09/26/2018 | Penn State University Tuition | $4,865.00 |
| 09/10/2018 | Lexus | $80.00 |
| 10/10/2018 | TIAA Bank (mortgage) | $7,012.00 |
| 10/22/2018 | Orbiz.com | $280.20 |
| 10/22/2018 | American Airlines | $496.20 |
| 10/22/2018 | Spirt Airlines | $101.19 |
| 10/24/2018 | Penn State University Tuition | $4,865.00 |
| 10/27/2018 | Penn State University Tuition | $4,865.00 |
| 10/31/2018 | Chicago Bears | $1,908.00 |
| 11/13/2018 | TIAA Bank (mortgage) | $6,951.00 |
| 12/10/2018 | TIAA Bank (mortgage) | $6,050.00 |

18. RCS is undercapitalized, without separate books and accounting records.

19. RCS's funds have been used to pay the personal obligations of the Debtors as listed in paragraph 16.

20. Because RCS paid for the personal expenses and debts of the Debtors as listed in paragraph 16, the business records of RCS are and were the business records of the Debtors.

21. At all relevant times, the Debtor operated RCS as a corporate shell intending to deceive its creditors and to promote fraud by siphoning cash from its operations to make payments for the Debtor and his family benefits.

22. All of the services were performed by Ahmed Elgamal at Marinko and RCS's insistence and pursuant to the Employment Agreement and the Addendum.

5

23. As a direct and proximate result of Debtors' actions as alleged herein, AHMED ELGAMAL has suffered injury to its business or property, the full amount of which is not yet determined, but which is believed to be not less than $623,320.90.

**COUNT I**

[Bankruptcy Code §523(a)(2)(A)]

AHMED ELGAMAL'S CLAIM FOR AN EXCEPTION TO DISCHARGE FOR MONEY, PROPERTY OR SERVICES OBTAINED BY FALSE REPRESENTATIONS.

24. Ahmed Elgamal realleges paragraphs 1 through 23, both inclusive, of this Adversary Complaint, as though fully set forth as paragraph 24 of this Count I herein.

25. 11 U.S.C. § 523(a)(2)(A) provides that:

(a)  A discharge under Section 727 . . . of this title does not discharge an individual from any debt

(2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

26. As a result of the Judgment Order, Ahmed Elgamal is a creditor of the Debtor by virtue of the judgment in his favor and against RSC and Michael Marinko entered October 16, 2019 in the amount of $623,320.90 (the "Judgment') in the case more commonly known as Ahmed Elgamal v. RSC and Michael S. Marinko, Case No. 16 CH 1220, pending in the Circuit Court of the Eighteenth Judicial Circuit (the "Ahmed Elgamal Judgment").

27. In his Bankruptcy Schedules filed with the Bankruptcy Petition on October 21, 2019, the Debtor listed the debt owed to Ahmed Elgamal in the amount of $623,320.90. The Debtor scheduled the debt as "not subject to offset" and did not list the debt as

"contingent", "unliquidated" but did list as "disputed." (See bankruptcy docket entry No 1).

28. Accordingly, based upon the Debtors' Bankruptcy Schedules, Ahmed Elgamal, has standing to bring this action under Bankruptcy Code §523(a)(2)(A).

29. Marinko made representations to Ahmed Elgamal that were materially false and included but were not limited to the following:

    A)    RCS and Marinko would retain sufficient fundsto make the payments to Ahmed Elgamal; and,

    B)    RCS would promptly make payment to Ahmed Elgamal of the amounts due and not make payments to family members, to Marinko or his benefit.

30. Based on the Materially False Representations, in accordance with the Employment Agreement and Addendum, provided services to the benefit of the Debtor in an amount not less than $623,320.90 for the purpose of permitting the Debtor to meet its obligations under its contract with Mohawk.

31. Based on these Materially False Representations, the Debtor induced Ahmed Elgamal performance of services in the amount of $623,320.90.

32. The Materially False Representations made by the Debtor to Ahmed Elgamal were made with the intent to deceive Ahmed Elgamal.

33. Ahmed Elgamal reasonably relied upon the Debtor's Materially False Representations.

34. Ahmed Elgamal been damaged because of his reliance on the Materially False Representations made by the Debtor.

35. As a direct and proximate result of the Debtor's actions as alleged herein, Ahmed Elgamal has suffered injury to its business or property, the full amount of which is not yet determined, but which is believed to be not less than $623,320.90.

WHEREFORE, Adversary Plaintiff Ahmed Elgamal, respectfully prays for an order entering a judgment in favor of the Adversary Plaintiff and against the Adversary Defendant and find that all amounts owed by Michael Markinko were nondischargeable pursuant 11 USC 11 USC 523(a)(2)(A) and for the Court to Order the Adversary Defendant to pay the Adversary Plaintff attorney fees for an action so wrongly brought and for such other further relief as this Court deems just.

## COUNT II

[Bankruptcy Code §523(a)(2)(A)]

### AHMED ELGAMAL'S CLAIM FOR AN EXCEPTION TO DISCHARGE FOR MONEY, PROPERTY OR SERVICES OBTAINED BY ACTUAL FRAUD.

36. Ahmed Elgamal realleges paragraphs 1 through 23, both inclusive, of this Adversary Complaint, as though fully set forth as paragraph 36 of this Count II herein.

37. 11 U.S.C. § 523(a)(2)(A) provides that:

(a) A discharge under Section 727 . . . of this title does not discharge an individual from any debt

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(B) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

38. The actions of the Debtor as hereinbefore alleged were entered into by the Debtor willfully and intentionally with the intent to perpetrate a fraud upon Ahmed Elgamal by inducing Ahmed Elgamal to provide the services RCS and Michael Marinko while transferring the payments received by the Debtor and RCS to other parties as listed in paragraph 16 in order to place the funds beyond reach of the Debtor's creditors, including Ahmed Elgamal.

8

39. The actions of the Debtors as hereinbefore alleged were entered into by the Debtor willfully with the intent to deceive Ahmed Elgamal.

40. As a direct and proximate result of the Debtors' actions as alleged herein, Ahmed Elgamal has suffered injury to its business or property, the full amount of which is not yet determined, but which is believed to be not less than $623,320.90.

WHEREFORE, Adversary Plaintiff Ahmed Elgamal, respectfully prays for an order entering a judgment in favor of the Adversary Plaintiff and against the Adversary Defendant and find that all amounts owed by Michael Markinko were nondischargeable pursuant 11 USC 11 USC 523(a)(2)(A) and for the Court to Order the Adversary Defendant to pay the Adversary Plaintff attorney fees for an action so wrongly brought and for such other further relief as this Court deems just.

## COUNT III

[Bankruptcy Code §523(a)(4)]

### AHMED ELGAMAL'S CLAIM FOR AN EXCEPTION TO DISCHARGE FOR EMBEZZLEMENT AND/OR LARCENY.

41. Ahmed Elgamal realleges paragraphs 1 through 23, both inclusive, of this Adversary Complaint, as though fully set forth as paragraph 41 of this Count III herein.

42. 11 U.S.C. § 523(a)(4) provides that:

(a) A discharge under Section 727 . . . of this title does not discharge an individual from any debt

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

43. Under the definition of embezzlement and/or larceny employed by the bankruptcy courts to interpret the use of the term in section 523 (a) (4), embezzlement and/or larceny requires (a) an appropriation of funds for the debtor's own benefit; (b) deposit of the

9

funds in an account solely for the debtor or use for the Debtor's benefit; and (c) use or disbursement of the funds without explanation.

44. The actions of the Debtor as hereinbefore alleged were entered into by the Debtor willfully and intentionally with the intent to misappropriate the funds as listed in paragraph 16 from RCS and prevent RCS from being able to pay those funds to Ahmed Elgamal.

45. By inducing Ahmed Elgamal to provide the services RCS and Michael Marinko while transferring the payments received by the Debtor and RCS to other parties as listed in paragraph 16 in order to place the funds beyond reach of the Debtor's creditors, including Ahmed Elgamal.

46. The actions of the Debtors as hereinbefore alleged were entered into by the Debtor willfully with the intent to deceive Ahmed Elgamal.

47. As a direct and proximate result of the Debtors' actions as alleged herein, Ahmed Elgamal has suffered injury to its business or property, the full amount of which is not yet determined, but which is believed to be not less than $623,320.90.

WHEREFORE, Adversary Plaintiff Ahmed Elgamal, respectfully prays for an order entering a judgment in favor of the Adversary Plaintiff and against the Adversary Defendant and find that all amounts owed by Michael Markinko were nondischargeable pursuant 11 USC 11 USC 523(a)(2)(A) and for the Court to Order the Adversary Defendant to pay the Adversary Plaintff attorney fees for an action so wrongly brought and for such other further relief as this Court deems just.

## COUNT IV.

### [Bankruptcy Code §523(a)(6)]

### AHMED ELGAMAL'S CLAIM FOR AN EXCEPTION FOR WILLFUL AND MALICIOUS INJURY.

48. Ahmed Elgamal realleges paragraphs 1 through 23, both inclusive, of the General Allegations of this Adversary Complaint as though fully set forth as paragraph 48 of this Count IV herein.

49. 11 U.S.C. § 523(a)(6) provides that:

(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt--

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

50. The Debtor's actions as hereinbefore alleged were intentional and designed to place the assets of RCS outside and those beyond the reach of the creditors of RCS, including Ahmed Elgamal.

51. The transfers authorized by the Debtor resulted in the transfer of a substantial amount of the funds of RCS under the control of the Debtors.

52. By removing a substantial amount of the funds of RCS the Debtor's actions were either taken for the purpose of causing injury to the creditors of RCS, including Ahmed Elgamal or had a substantial certainty of causing injury to the creditors of RCS, including Ahmed Elgamal, and were willful.

53. The Debtors' transfer or disposal of the funds of RCS constitutes a willful and malicious injury to Ahmed Elgamal.

54. The actions of the Debtor in removing a substantial amount of the funds demonstrates that the Debtor never intended to cause RCS to pay the amounts due to Ahmed Elgamal.

55. By removing a substantial amount of the funds of RCS in the US that the Debtor personally control, the Debtor converted funds belonging to Ahmed Elgamal to their personal use in an amount not less than $623,320.90., the amount of the judgment entered in favor of Ahmed Elgamal and against RCS and the Debtor.

56. Each of the acts of each Debtor as alleged herein were intentional, willful and malicious, and entered into to cause injury to the property of Ahmed Elgamal, in an amount to be determined but not less than $623,320.90.

57. As a direct and proximate result of all of the Debtors' actions as alleged herein, Ahmed Elgamal has suffered damages, the full amount of which has not yet been determined, but which is believed to be not less than $623,320.90.

WHEREFORE, Adversary Plaintiff Ahmed Elgamal, respectfully prays for an order entering a judgment in favor of the Adversary Plaintiff and against the Adversary Defendant and find that all amounts owed by Michael Markinko were nondischargeable pursuant 11 USC 11 USC 523(a)(2)(A) and for the Court to Order the Adversary Defendant to pay the Adversary Plaintff attorney fees for an action so wrongly brought and for such other further relief as this Court deems just.

## COUNT V

[Bankruptcy Code §727(a)(5)]

AHMED ELGAMAL'S, INC.'S OBJECTION TO THE DEBTORS' DISCHARGE. UNDER BANKRUPTCY CODE §727(a)(5).

58. Ahmed Elgamal realleges paragraphs 1 through 23, both inclusive, of the General Allegations of this Adversary Complaint as though fully set forth as paragraph 58 of this Count V herein.

59. 11 U.S.C. § 727(a)(5) of the Bankruptcy Code provides that:

(a) The court shall grant the debtor a discharge, unless –

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.

60. Defendant has failed to explain the loss of numerous items of property in which they had an interest as of the date of the petition, including but not limited to the following:

A. The shares of RCS

B. All assets and cash in the name of RCS.

C. The disposition and location of all investments made by RCS

D. The location and amount of all assets transferred from the accounts of RCS

E. The disposition and location of all equipment of RCS.

F. The disposition and location of all accounts receivable of RCS.

G. The disposition and location of all cash transferred from all bank accounts in the name of RCS.

WHEREFORE, Adversary Plaintiff Ahmed Elgamal, respectfully prays for an order entering a judgment in favor of the Adversary Plaintiff and against the Adversary Defendant and Deny the Debtor's Discharge and for the Court to Order the Adversary Defendant to pay the Adversary

Plaintiff attorney fees for an action so wrongly brought and for such other further relief as this Court deems just.

DATED THIS the 30th day of September, 2020      Respectively Submitted,

Ahmed Elgamal

BY:    /S/ PAUL M. BACH
        Bach Law Offices, Inc.
        P.O. Box 1285
        Northbrook, IL 60065
        PHONE: (847) 564 0808